UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABOR PRESSER and ANNA ADAMIS,<br><br>Plaintiffs,<br><br>-against-<br><br>KANYE WEST,<br>PLEASE GIMME MY PUBLISHING INC. and<br>SONY/ATV MUSIC PUBLISHING LLC,<br><br>Defendants. | 16-CV-03798 (LAK)<br><br>**DECLARATION OF GABOR PRESSER** |

I, Gabor Presser, affirm the truth of the following in accordance with 28 U.S.C. § 1746:

1. I am a plaintiff in this action. I submit this declaration in opposition to the defendants' motion to transfer venue of this case to California.

2. Contrary to what the defendants would have the Court believe, I have a substantial business connection to New York and transferring this case to California would make it very difficult, if not impossible, for me to pursue my rights in a US court.

<u>My Business Relationship To New York</u>

3. Earlier this year, I traveled to New York to sign a contract with the Nederlander Organization, one of the oldest and largest theater owners and producers on Broadway. Nederlander is producing a Broadway adaptation of a long-running Hungarian musical stage play for which I composed the music.

4. A Manhattan attorney represented me in the negotiations. New York law governs the contract, and any contractual disputes are to be arbitrated in New York City.

5. The contract requires me to be in New York on a regular basis to contribute to the development of the Broadway musical, including but not limited to auditioning and choosing the musical conductor, orchestrator, actors for the showcase production and to be otherwise available to exercise approvals and oversee the adaptation of my work.[1]

6. I expect the Broadway production process to take two to three years, and I anticipate traveling to New York City several times during this period to work on the show. I also hope to attend the Opening Night of the show on Broadway.

7. My ongoing business and creative relationships in New York were a critical factor in my decision to file my copyright infringement case in this Court. On the other hand, I have no business or personal reasons to travel to any other part of the United States, and being compelled to travel to Los Angeles for this case would be particularly burdensome for me.

Transferring This Case To California Would Make It Difficult, If Not Impossible, To Pursue My Claims Under US Law

8. I am 68 years old (I will be 69 in May), and I have had three operations on my spine, among other health issues. It is challenging enough for me to make the trip from my home in Budapest to New York to work on the Broadway show. If I had also to travel to Los Angeles, I am not sure I would be able to maintain this case.

9. The trip from Budapest to Los Angeles is several hours longer, and significantly more expensive, than the trip from Budapest to New York.

---

[1] The contents and terms of the contract contain confidential information, so I have not attached a copy of the contract to my declaration. My attorneys, however, are prepared to make the contract available for review *in camera* if the Court desires or to produce the contract subject to a confidentiality stipulation acceptable to the Court.

10. Forcing me to travel to Los Angeles to pursue my legal claims would in effect double my travel at least. Even if I already happened to be in New York, the round trip from New York to Los Angeles is approximately 15 hours.

11. This additional travel time to Los Angeles, on top of my current commitment to be in New York, would be a grueling ordeal that would make me consider dropping my infringement case altogether.

12. That, I believe, is precisely what the defendants have in mind. The point of their application to transfer this case is not to make defending the case more convenient for them so much as it is to make prosecuting the case more difficult for me.

13. I understand that Kanye West has been living in Manhattan recently, and his publishing companies are all headquartered there. Mr. West also has enormous financial resources at his disposal. It is simply not credible for any of the defendants to claim that they would be burdened by trying this case in New York.

14. I, on the other hand, am a successful composer by Hungarian standards, but my finances are not in the same league as Mr. West's. It would be manifestly unfair to allow defendants to use their vastly superior means to deprive me of my choice to seek redress in the US court of my choice.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

______________________________
Gabor Presser

Dated: November 23, 2016