UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABOR PRESSER and ANNA ADAMIS, | 16-CV-03798 (LAK) |
| Plaintiffs, | |
| -against- | |
| KANYE WEST, PLEASE GIMME MY PUBLISHING INC. and SONY/ATV MUSIC PUBLISHING LLC, | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DEPOSITION OF DEFENDANT KANYE WEST IN NEW YORK**

PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
(212) 421-4100

Plaintiffs' Motion should be denied.  Plaintiffs admit in their original complaint that "Defendant Kanye West is a United States citizen residing in Los Angeles, California." (Dkt. 1, ¶ 10).  Defendants filed a motion to transfer venue to California in part because Mr. West resides in Los Angeles.  (Dkt. 11).  Nonetheless, Plaintiffs noticed Mr. West's deposition for New York out of pure gamesmanship and for no legitimate reason.  Defendants have offered to make Mr. West available for deposition in Los Angeles on March 7th or March 8th – one week after the date Plaintiffs unilaterally noticed this deposition in New York.

There is no basis to compel Mr. West to come to New York.  The relevant case law is clear that the deposition of a defendant takes place where the witness lives and based on convenience to the witnesses absent unusual circumstances.  *Robert Smalls Inc. v. Hamilton*, No. 09CIV.7171(DAB)(JLC), 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010); *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, No. 09 CIV. 5087 JFK, 2012 WL 1589597, at *6 (S.D.N.Y. May 7, 2012).  There are no unusual circumstances here, nor have Plaintiffs cited any.  That Mr. West owns an apartment in New York—which he rarely uses (Dkt. 29, ¶ 4)—has no bearing on where he is a domiciliary.  *Chappelle v. Beacon Commc'ns Corp.*, 863 F. Supp. 179, 181 (S.D.N.Y. 1994) ("Even though a party may have several places of residence, he or she may have only one domicile at a given time.").  The focus is on where the deponent lives, not where the deponent owns property. *Id.*

The only asserted basis Plaintiffs (two Hungarian citizens residing in Budapest with no relevant ties to New York) have for seeking to compel a New York deposition of Mr. West is that New York would be more convenient to Plaintiffs' counsel—but that is not the legal standard.  Indeed, as the case cited by Plaintiffs notes, "the convenience of counsel is less compelling than any hardship to the witnesses." *Devlin v. Transp. Commc'ns Int'l Union*, No. 95

CIV. 0752 JFK JCF, 2000 WL 28173, at *4 (S.D.N.Y. Jan. 14, 2000). If Plaintiffs' counsel does not wish to travel, then Plaintiffs can take this deposition remotely by videoconference should they choose to do so, as they suggested for their own depositions.[1]

Moreover, the burden and inconvenience to Mr. West of being forced to appear for deposition in New York is hugely disproportionate to the relevance of his testimony, which will be minimal. There is no dispute that Mr. West's song sampled Plaintiffs' composition. The central issue in this case is whether Plaintiffs agreed to a license for the use of the composition in a two-plus year negotiation between Mr. West's attorney (another Los Angeles-based witnesses) and Plaintiffs' attorney in Hungary. It is undisputed that Plaintiffs signed two licenses for the use of their song in Defendants' song in exchange for a 20% interest in Defendants' song. Unfortunately, due in no way to any disagreement on material terms, but rather the proverbial "falling between the cracks," the parties never formally executed the third license regarding this song (which contained the same 20% interest). Rather than live up to the deal, the Plaintiffs have seen this as an opportunity to extract a greater sum of money from the Defendants. Defendants will litigate that issue in due course.

Thus, this case revolves largely around whether an enforceable license exists between the parties – and Mr. West had no personal involvement in any of those negotiations and is not copied on the relevant emails. Mr. West's involvement was only in creating his song, the facts of which are not disputed. Any minimal knowledge Mr. West has relevant to this case can be ascertained quickly by a video deposition to the extent that Plaintiff's counsel does not wish to travel to where Mr. West resides.

---

[1] Plaintiffs had originally demanded that the deposition of defendant Please Gimme My Publishing Inc. ("PGMP"; Mr. West's publishing designee) also take place in New York. PGMP also resides in Los Angeles (Dkt. 27 ¶ 4) and Defendants have offered to make PGMP available in Los Angeles as well on March 7 or 8. It appears that Plaintiffs have abandoned this position and no longer seek to force PGMP to come to New York. PGMP's deposition should proceed in Los Angeles, where it resides, for the same reasons stated herein as Mr. West's deposition.

Mr. West is a celebrity. Plaintiffs' insistence on New York deposition is pure harassment, a tactic designed to extract settlement leverage and for no other purpose. Defendants' counsel tried to resolve this issue with Plaintiffs' counsel in good faith, pointing out the relevant authority. For example, on February 13, 2017, Defendants' counsel wrote as follows:

> Mr. West primarily resides in California, not New York. PGMP is also located in California. There is ample precedent in the Southern District of New York that a deposition of a non-resident defendant should be conducted in the district where the defendant lives or resides: in this case, the Central District of California. *See, e.g., Robert Smalls Inc. v. Hamilton*, No. 09CIV.7171(DAB)(JLC), 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010); *Devlin v. Transp. Commc'ns Int'l Union*, Nos. 95 Civ. 0752, 95 Civ. 10838, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000); *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y.1998); *Bank of New York v. Meridien BIAO Bank Tanz. Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y.1997). It is Plaintiff's affirmative burden to demonstrate "peculiar circumstances" that justify forcing a non-resident defendant to travel cross-country for a deposition. *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, No. 09 CIV. 5087 JFK, 2012 WL 1589597, at *6 (S.D.N.Y. May 7, 2012) (citing *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y.1989)). However, you have not articulated any reason that these depositions must be held in New York.
>
> Nor does the fact that Mr. Presser's and Ms. Adamis's deposition will be in New York impact the location of Mr. West's or PGMP's deposition. It is not a horse-trade. As non-United States Plaintiffs, your clients chose to bring their lawsuit in the Southern District of New York. The clear rule in the Southern District of New York is that "a non-resident plaintiff who chooses this forum makes himself available to examination here. *Slade v. Transatlantic Fin. Corp*, 21 F.R.D. 146, 146 (S.D.N.Y. 1957); *see also Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons*, 54 F.R.D. 280, 281 (S.D.N.Y. 1971) ("Since plaintiff has chosen this forum, it cannot impose upon defendant the extraordinary expense and burden of traveling to a foreign country to conduct a deposition except on a showing of burden and hardship to the plaintiff."). Furthermore, your clients' age does not create a presumption of undue hardship. *Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons*, 54 F.R.D. 280, 281 (S.D.N.Y. 1971) ("The mere fact that Steinweg is 72 years of age is not sufficient to prove 'hardship' within the meaning of the Rule.").[2]

Thus, Mr. Cane's statement that Defendants' counsel simply stated that Mr. West resides in Los Angeles and "otherwise declined to discuss the issue" is simply untrue.

---

[2] Plaintiffs' suggestion (without providing dates) that Defendants insisted Plaintiffs' respond to document requests "early" is incorrect. Defendants served Plaintiffs with document requests on January 19, 2017 and thus Plaintiffs' responses to Defendants' document request were due on February 21, 2017, the day before Mr. Presser's deposition.

The cases cited by Plaintiffs support Mr. West's deposition in California. Indeed, ***all but one of Plaintiffs' cases upheld the general rule that an out of state defendant should be deposed where they reside, and refused to compel the out of state defendant to come to New York for their deposition***.[3] While Plaintiffs cite to *Ambac* for their argument that they "had little choice of forum" they fail to explain why they had "little choice" to sue in New York, and the Court in that case refused to compel the California resident defendant to appear for a deposition in New York.[4] *Ambac*, 2012 WL 1589597, at *6. In fact, New York appears to have no interest in resolving this dispute, and Plaintiffs surely had the choice of litigating in Los Angeles where virtually every U.S. witnesses resides and where the Defendants' negotiation of the relevant licenses took place (Plaintiffs negotiated from Hungary).

Cost and convenience do not tip the balance when Plaintiffs do not even reside here and they fought the motion to transfer venue to where all witnesses were located. In fact, the case cited by Plaintiffs on this point – *Devlin*, 2000 WL 28173, at *4 – refused to compel the Maryland-based defendants to appear for deposition in New York. There is no "substantial prejudice" to conduct Mr. West's (or PGMP's) deposition in Los Angeles – indeed, other than the location of Plaintiffs' counsel, there does not seem to be any demonstrable convenience to holding depositions in New York.

Accordingly, Defendants respectfully request that Plaintiffs' motion be denied and that the depositions of Mr. West (and PGMP), if any, proceed in Los Angeles, California where they reside.

---

[3] In *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 551 (S.D.N.Y. 1989), the Court ordered depositions to take place in New York only after noting, among other factors, that the foreign defendants apparently misrepresented their residences to the Court.

[4] Indeed, in *Ambac* the plaintiff had little choice but to bring suit in New York because the Swap Agreement at issue contained a New York forum selection clause. 2012 WL 1589597, at *6.

5

Dated: New York, New York
      February 21, 2017                    PRYOR CASHMAN LLP

                                     By: *s/ Ilene Farkas*
                                          Brad D. Rose
                                          Ilene S. Farkas
                                          Ross M. Bagley
                                          7 Times Square
                                          New York, New York  10036
                                          (212) 421-4100
                                          *Counsel for Defendants KANYE WEST, PLEASE GIMME MY PUBLISHING, INC., EMI APRIL MUSIC INC. AND EMI BLACKWOOD MUSIC INC.*

6